UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. DAY,

       Plaintiffs,

v.

CITY OF STANDISH, ARENAC
COUNTY, BA/ARENAC BEHAVIORAL
HEALTH, KAREN L. NELSON, CURTIS
G. BROGHTON, DUANE HADLY,
GUARDIAN AD LITEM, BONNIE SUE
PILET, JOHN EDWARD PILET, LENNY
MORE, et. al.,

       Defendants.
_____/

Case No. 11-12664

HON. AVERN COHN

## ORDER DENYING MOTION REQUESTING PROSPECTIVE RELIEF (Doc. 7)

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, a state prisoner, filed a pro se complaint on behalf of himself and his minor daughter. The complaint named the "City of Standish, Arenac County, Bay/Arenac Behavioral Health, Karen L. Nelson, Curtis G. Broghton, Duane Hadly, Guardian Ad Litem, Bonnie Sue Pilet, John Edward Pilet, Lenny More, et al." as defendants. On July 13, 2011, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief can be granted. See Order of Dismissal. Doc. 6.

Before the Court is plaintiff's motion styled "Motion Requesting Prospective Relief." Doc. 7. The motion was filed July 15, 2010, two days before the Court entered its dismissal order. Thus, plaintiff in all likelihood prepared the motion prior to receiving

the Court's dismissal order.

However, to the extent the motion is construed as a motion for reconsideration, the motion is governed by this district's local rules, which require the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." Indah v. United States Securities and Exchange Commission, __ F.3d __, __, Nos. 09-2117, 09-2570, 10-1477, and 10-1837, 2011 WL 3890226, at *7 (6th Cir. Sept. 6, 2011) (citing what is now E.D. Mich. Local Rule 7.1(h)(3)).  "The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration." Id.  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " United States v. Lockett, 328 F. Supp. 2d 682, 684 (E. D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E. D. Mich. 2001)).

Plaintiff fails to satisfy this standard.  Plaintiff's motion appears to ask the Court to grant him communication or "parenting time" with his daughter.  However, as explained in the dismissal order, the federal court is not the proper forum to litigate the issue of plaintiff's custodial rights.  The Supreme Court has long held that the federal courts do not have jurisdiction over questions involving divorce, alimony, or child custody.  *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858).  "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890).  The Supreme Court has consistently held that federal courts lack the power to issue divorce, alimony and child-custody decrees.  See Ankenbrandt v. Richards, 504

U.S. 689, 703-07 (1992). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." Firestone v. Cleveland Trust Co., 654 F. 2d 1212, 1215 (6th Cir. 1981). As such, the Court lacks the power to review or direct any custody or visitation rights regarding plaintiff and his daughter.

Accordingly, plaintiff's motion is DENIED.

SO ORDERED.


      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE


Dated: November 28, 2011


I hereby certify that a copy of the foregoing document was mailed to Robert Day, 446361, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 on this date, November 28, 2011, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160